UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-80018-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA

vs.

BRADLEY CESAR,

    Defendant.
_____/

## PRELIMINARY ORDER OF FORFEITURE

THIS MATTER is before the Court upon motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture ("Motion") against Defendant Bradley Cesar (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On February 10, 2022, a federal grand jury returned an Indictment charging the Defendant with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Indictment, ECF No. 3. The Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 922(g)(1), the Defendant shall forfeit any firearm or ammunition involved in or used in the commission of the offense. *See id.* at 2.

On April 20, 2022, the Court accepted the Defendant's guilty plea to the sole count in the Indictment. *See* Minute Entry, ECF No. 17; Plea Agreement ¶ 1, ECF No. 20. As part of the guilty plea, the Defendant agreed to forfeit a Glock firearm and nine rounds of ammunition. Specifically, among other provisions in the Plea Agreement, the Defendant agreed to the following:

> 9. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any firearm or ammunition involved in or used in the commission of the offense,

in violation of 18 U.S.C. § 922(g), or any violation of any other criminal law of the United States, pursuant to 18 U.S.C. § 924(d)(1). The property subject to forfeiture includes, but is not limited to:

    a.      One (1) Glock, model: 27, .40 S&W semiautomatic pistol, Serial No. BCTE283; and,

    b.      Nine (9) rounds of .40 S&W ammunition with head stamp markings of "Federal" and "40 S&W."

Plea Agreement ¶ 9.

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 21.

As Defendant agreed in his factual proffer, on January 22, 2021, law enforcement officers of the Boynton Beach Police Department's Violent Crimes Task Force ("BBPD") observed Defendant throw a black handgun from the front passenger window of his vehicle, in which he was the sole occupant. Shortly after, the officers conducted a traffic stop. At the same time as the traffic stop, another officer went to the driveway where the handgun landed. Upon arriving at the driveway, the officer recovered the firearm on the ground of the driveway.

According to a Bode Technology report, samples taken from the seized firearm contained a mixture of DNA from three (3) contributing persons. Of that mixture, two (2) contributor profiles were suitable for DNA comparison. The Bode Technology report concludes that it is at least 51 sextillion times more likely that the mixture consists of DNA from Defendant and two (2) unknown individuals, than that the mixture consists of DNA from three (3) unknown individuals.

Defendant is a convicted felon and is prohibited from possessing a firearm and ammunition. Defendant was adjudicated guilty of the following felonies according to State of Florida conviction records:

    a.      on July 20, 2012, Defendant was adjudicated guilty of Attempted Possession of Cocaine, in violation of Florida Statutes, Sections 777.04(1) and 893.13(6)(a), a 3rd Degree Felony, and was sentenced to one (1) day of confinement; and

b. on May 27, 2014, Defendant was adjudicated guilty of Fleeing or Attempting to Elude a Law Enforcement Officer (At Reckless High Speeds) in violation of Florida Statutes, Section 316.1935(3), and Felon in Possession of a Firearm or Ammunition in violation of Florida Statutes, Section 790.23(1)(a), both Second Degree Felonies, and was sentenced to four (4) years' imprisonment. Defendant served approximately a year and a half imprisonment term.

Special Agent Alan Oxley from the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) inspected the firearm and .40 caliber ammunition seized by the BBPD. The firearm is a black semi-automatic .40 caliber Glock 27 handgun, Serial No. BCTE283, which was loaded with a magazine containing nine (9) live .40 S&W caliber rounds with head stamp markings of "Federal" and "40 S&W." SA Oxley determined that both the firearm and ammunition were manufactured outside of the United States, and thus travelled in interstate and foreign commerce prior to coming into Defendant's possession.

Based on the record in this case, the following specific property is directly subject to forfeiture, pursuant to 18 U.S.C. § 924(d)(1):

i. One (1) Glock, model: 27, .40 S&W semiautomatic pistol, Serial No. BCTE283; and,

ii. Nine (9) rounds of .40 S&W ammunition with head stamp markings of "Federal" and "40 S&W."

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

2. Pursuant to 18 U.S.C. § 924(d)(1), the following specific property is hereby forfeited and vested in the United States of America:

i. One (1) Glock, model: 27, .40 S&W semiautomatic pistol, Serial No. BCTE283; and,

ii. Nine (9) rounds of .40 S&W ammunition with head stamp markings of "Federal" and "40 S&W."

3. Any duly authorized law enforcement agency may seize and take possession of the forfeited property according to law.

4. The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n).

5. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

6. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

7. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

It is further **ORDERED** that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture as to the property in which all interests will be addressed. Upon notice from the United States that no claims have been filed within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier, then, pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(7), this Order shall become a Final Order of Forfeiture and any duly authorized law enforcement agency shall dispose of the property in accordance with applicable law.

**DONE AND ORDERED** in West Palm Beach, Florida, this ___ day of May 2022.

HON. DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE